CUMMINGS v. STEEL BUILT HOMES, INC.

1. CORPORATIONS—INDIVIDUAL LIABILITY OF OFFICERS—CONTRACTS.
   Plaintiff was not entitled to recover from corporation's presi-·dent, as an individual, the balance of a deposit made with corporation for purpose of building a house on theory of fraud or breach of contract where plaintiff's contract was with the corporation and he understood all of his dealings were with it and not with the president as an individual.

2. APPEAL AND ERROR—EXCLUSION OF TESTIMONY.
   Exclusion of testimony having nothing to do with the merits of the case was proper.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 5, 1945. (Docket No. 48, Calendar No. 43,025.) Decided January 7, 1946. Rehearing denied March 5, 1946.

Bill by David Cummings against Steel Built Homes, Inc., a Michigan corporation, Henry W. Buelow and wife, William Benton and wife, and John L. Niesse and wife for an accounting and other relief. Case transferred to law side of court. Declaration for damages for fraud and deceit and for money due on agreement. Verdict for plaintiff against Henry W. Buelow. Judgment for defendants *non obstante veredicto*. Plaintiff appeals. Affirmed.

*John F. Jordan,* for plaintiff.

*Samuel W. Barr,* for defendant Buelow.

*Ellery C. Pengra,* for defendants Benton and Niesse.

Sharpe, J. On November 10, 1937, plaintiff, David Cummings, and wife, of Detroit, entered into a contract with Steel Built Homes, Inc., a Michigan corporation, for the construction of a one-story house on the east side of Marseilles street in the city of Detroit. Plaintiff was to purchase the lot and the corporation was to build the house for the sum of $4,400 according to certain plans and specifications approved by the parties. Plaintiff paid the corporation a down payment of $1,050. The balance of the price of the house was to be paid by plaintiff by securing a Federal Housing Administration loan. A loan was approved by the F.H.A., but was not consummated by plaintiff.

During the month of February, 1938, plaintiff in writing requested the return of his deposit made to the corporation, either because of the illness of his wife or dissatisfaction with the building being erected upon his lot. The corporation refused to return the deposit. On March 1, 1938, plaintiff's wife died; and being in need of money to pay expenses in connection with her funeral, he conferred with defendant Buelow requesting $300. Buelow did not make the loan, but contacted defendant William Benton with whom defendant corporation had subcontracted to build the house. As a result, plaintiff entered into a contract March 12, 1938, with defendant John L. Niesse and wife whereby he assigned his interest in the premises to Niesse and wife for the sum of $200 with the agreement that when the house was sold, if the avails of the sale were sufficient, plaintiff would receive a sum from Niesse and wife not to exceed $850 which represented the balance of the amount of his deposit on the original

building contract.  On November 4, 1938, Niesse and wife sold the property to Raymond Allen and wife for the sum of $4,990.

Plaintiff originally filed a suit in chancery, but it was subsequently transferred to the law side of the court.  He thereupon filed his declaration.  The first count charges the defendants with having obtained the sum of $850 from him by fraud and deceit; and failure to repay said sum or to build the house contracted for.  The second count in the declaration seeks to recover the sum of $850 based on the agreement of March, 1938.

At the conclusion of the testimony a motion was made for a directed verdict in behalf of Buelow and wife.  This motion was reserved by the court under the Empson act* and the cause was submitted to the jury who returned a verdict in favor of plaintiff against Henry Buelow in the amount of $1,105 and no cause of action against all other defendants.  Thereafter, a motion for judgment *non obstante veredicto* was made by defendant Buelow which was denied and a judgment was entered on the verdict.

Subsequently, motion was made by defendant Buelow for a new trial based upon the following reasons:

"4.  That according to the testimony and the pleadings in this cause that there was a novation between the plaintiff, David Cummings, and the defendants John Niesse and Jessie L. Niesse, and the Steel Built Homes, Incorporated.

"5.  That according to the testimony and the pleadings filed in the cause that there was an accord and satisfaction and release of the defendant, Henry Buelow.

---

* See 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1945 Cum. Supp. § 27.1461 *et seq.*).—Reporter.

"6. That according to the facts and the testimony in said cause, that there was an estoppel upon the plaintiff accepting a new contract in place of the old contract.

"7. That according to the facts and testimony and the pleadings in this cause, that there was no privity or [of?] contract between the defendant, Henry Buelow, and the plaintiff, David Cummings."

On June 16, 1944, the trial court granted defendant Buelow's motion for a new trial and upon reconsideration of defendant's motion for judgment *non obstante veredicto* granted the same for the reason that, since there is no issue of fact to be submitted to the jury as to the defendant Henry W. Buelow, there is no basis for the verdict of the jury and judgment thereon.

Plaintiff appeals and urges that the trial court was in error in holding that defendant Buelow is not liable and plaintiff is not entitled to a judgment on the verdict; and in excluding from evidence certain matters offered by plaintiff, which exclusion has resulted in a miscarriage of justice.

We have in mind that the contract for the construction of the house was executed November 10, 1937, between David Cummings and Jennie Cummings, his wife, as parties of the first part, and Steel Built Homes, Incorporated, a Michigan corporation, as party of the second part. Upon the trial, plaintiff testified:

"Mr. Buelow was the president, so I suppose he was employed by the Steel Built Homes, Incorporated. Mr. Buelow told me that he was the president. In all my dealings and talking with him, I understood that I was dealing with the Steel Built Homes, Incorporated. When I talked with Mr. Distin I understood I was dealing with the Steel Built Homes, Incorporated. After my negotiations with the Steel Built Homes, Incorporated, I did enter into a contract with the Steel Built Homes to

build a house for me and that house was to be located on a lot on Marseilles street, between Chandler Park Drive and Southampton.   The building contract that was introduced here in evidence, that is the contract with the Steel Built Homes, Incorporated.   That is the building contract.

"That contract was between myself and my first wife, Mrs. Cummings, and the Steel Built Homes, Incorporated."

From the contract which was introduced in evidence and the above testimony of plaintiff there can be no question that plaintiff was dealing with the corporation.   If there has been a breach of contract, plaintiff's remedy must be against the party with whom he had dealings.   The fact that defendant Buelow signed the contract in behalf of the corporation as its president does not alter the fact that plaintiff was dealing with a corporation and not an individual.   The trial court was correct in entering judgment in favor of defendant Buelow.

The errors relied upon in the exclusion of evidence related to the testimony of plaintiff who attempted to testify as to how, when, and where he got the money to pay for a lot; the equity that plaintiff Cummings had in the Marseilles street property; and what amount of money William Benton owed to defendant Niesse prior to the transaction of March 12, 1938, between plaintiff and Niesse for the sale of the house.   We shall not attempt to discuss in detail these assignments of error in the failure to admit such testimony in evidence.   None of them have anything to do with the merits of the case.   The trial court was right in sustaining objections to such evidence.

The judgment is affirmed, with costs to defendants.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and STARR, JJ., concurred.